**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4562**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RAUF ABDUL SALAM, a/k/a Pierre Demaro Banks, a/k/a Radio,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.   Glen E. Conrad, Chief District Judge.  (7:12-cr-00073-GEC-2)

Submitted:  March 30, 2015          Decided:  April 15, 2015

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.   Anthony P. Giorno, Acting United States Attorney, R. Andrew Bassford, Daniel P. Bubar, Assistant United States Attorneys, Franklin Sacha, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, the district court sentenced Rauf Salam to 292 months' imprisonment for conspiracy to distribute and possess with intent to distribute 1000 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 (2012). Salam raises several challenges to his conviction and sentence. We affirm.

Salam asserts that the district court erred in admitting testimony by a drug trafficking expert in light of the Government's insufficient disclosure under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, testimony by several coconspirators, and testimony regarding allegedly unrelated drug activities. We review the district court's admission of evidence for abuse of discretion, and we "will only overturn [a] ruling that is arbitrary and irrational." United States v. Hassan, 742 F.3d 104, 130 (4th Cir.) (alteration in original) (internal quotation marks omitted), cert. denied, 135 S. Ct. 157 (2014). Our careful review of the record on appeal leaves us without doubt that the district court did not abuse its discretion in admitting the challenged testimony.

Next, Salam challenges the district court's refusal to give a jury instruction regarding multiple conspiracies. "We review the district court's decision to give or refuse to give a jury instruction for abuse of discretion." United States v. Sarwari,

669 F.3d 401, 410-11 (4th Cir. 2012) (internal quotation marks omitted). A multiple conspiracy instruction "is not required unless the proof at trial demonstrates that [the defendant] [was] involved only in [a] separate conspiracy[y] unrelated to the overall conspiracy charged in the indictment." United States v. Stockton, 349 F.3d 755, 762 (4th Cir. 2003) (alteration in original) (internal quotation marks omitted). Because there was no evidence that Salam was involved in a conspiracy separate from that for which he was indicted, we conclude the district court did not abuse its discretion in refusing to give a multiple-conspiracy instruction.

Salam also argues that the district court erred by refusing to grant a mistrial based on comments made by the Government during closing arguments. We review the "denial of a motion for a mistrial for abuse of discretion." United States v. Johnson, 587 F.3d 625, 631 (4th Cir. 2009). The defendant must show that the comments were improper and prejudicial. See United States v. Powell, 680 F.3d 350, 358 (4th Cir. 2012). In making the prejudice determination, we consider four factors:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

3

United States v. Woods, 710 F.3d 195, 203 (4th Cir. 2013) (internal quotation marks omitted). Applying these standards to the facts before us and assuming -- without deciding -- that the challenged comments were improper, we conclude that Salam suffered no prejudice and that the district court therefore did not abuse its discretion in denying his motion for a mistrial.

Finally, Salam contends that the district court erred in applying the leadership role enhancement. To qualify for this enhancement, a defendant must have been "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a) (2013); see also id. § 3B1.1 cmt. nn.2 & 4. Because application of this enhancement involves a factual determination, we review for clear error. See United States v. Steffen, 741 F.3d 411, 415 (4th Cir. 2013). After our review of the record on appeal, we conclude that the district court did not clearly err by applying the enhancement.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4